# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CATHERINE GOULD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-cv-2319 |
| ) | |
| PEARL.COM LLC f/k/a ) | Case No. 12SL-CC03945 |
| JUSTANSWER LLC ) | (St. Louis County, Missouri) |
| ) | |
| Defendant. ) | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Pearl.com LLC f/k/a JustAnswer LLC ("Pearl.com") hereby removes to this Court the state court action described below.

### Nature of the Action

1. On October 17, 2012, Plaintiff Catherine Gould ("Plaintiff"), individually and on behalf of all others similarly situated, filed a Petition in the Circuit Court of St. Louis County, Missouri against Pearl.com, Case No. 12SL-CC03945 ("State Court Action").

2. On November 15, 2012, Plaintiff served her Petition on Pearl.com. A copy of all process, pleadings, and orders served upon Pearl.com in the State Court Action is attached as **Exhibit 1**. *See* 28 U.S.C. § 1446(a).

3. Plaintiff asserts two state-law claims against Pearl.com for alleged violations of R.S.Mo. 484.020 (unauthorized practice of law) and R.S.Mo. 407.010 *et seq*. (Missouri Merchandising Practices Act). Plaintiff seeks class certification, appointment of class counsel

and a class representative, actual damages, punitive damages, injunctive relief, attorneys' fees and costs, and prejudgment and post-judgment interest and costs.

## Basis for Removal – Federal Question Jurisdiction

4.  This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) if it is one "of which the district courts have original jurisdiction."

5.  The United States District Court has original jurisdiction of this action under 28 U.S.C. § 1331, in that Plaintiff's claims arise from alleged conduct occurring on a federal enclave, the Presidio of San Francisco, and removal of this action is proper pursuant to 28 U.S.C. § 1441.

6.  Pearl.com's principal and sole business location is The Presidio, P.O. Box 29045, San Francisco, California 94129.  **Exhibit 2**, Affidavit of Jennifer Samreny at ¶ 3.

7.  The Presidio of San Francisco is a federal enclave that was ceded by California to the United States in 1897.  See Cal. Stat. 1897, p. 51; *Standard Oil Co. v. California*, 291 U.S. 242, 244, 54 S.Ct. 381 (1934) ("[By] the act of 1897 California surrendered every possible claim of right to exercise legislative authority within the Presidio").

8.  Numerous courts have recognized the Presidio's status as a federal enclave. *Standard Oil Co.*, 291 U.S. at 244; *Totah v. Bies,* No. C 10-05956 CW, 2011 WL 1324471 at *2-4 (N.D. Cal. Apr. 6, 2011); *Klausner v. Lucas Film Entm't Co., Ltd.*, No. 09-03502 CW, 2010 WL 1038228 at *2-4 (N.D. Cal. Mar. 19, 2010); *United States v. Perez*, No. CR-06-0001-MAG (MEJ), 2006 WL 2850018 at *2-7 (N.D. Cal. Oct. 4, 2006); *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034-36 (N.D. Cal. 2005); *Volk v. U.S.,* 57 F. Supp. 2d 888, 892, n.1 (N.D. Cal. 1999).

9. Federal courts have exclusive jurisdiction over claims for relief arising on federal enclaves absent Congress' specific authorization or a state's specific reservation of authority prior to secession. U.S. Const. art. I, § 8, cl. 17; *Stuckstede v. NJVC LLC*, No. 4:09CV0663 JCH, 2009 WL 3754153 at *2 (E.D. Mo. Nov. 5, 2009) ("[w]hen the federal government acquires title to state land with the consent of the state legislature, Congress acquires exclusive power to legislate in respect thereto.") (citing *Bell v. Alliant Lake City Small Caliber Ammunition Co., LLC*, No. 05–1106–CV–W–ODS, 2006 WL 742272 at *1 (W.D. Mo. Mar. 17, 2006)); *West River Elec. v. Black Hills Power & Light Co.*, 918 F.2d 713, 714-16 (8th Cir. 1990) (United States holds exclusive jurisdiction over federal enclave unless Congress has clearly and unambiguously expressed its deferral of such jurisdiction); *see, e.g., Swords to Plowhares*, 243 F. Supp. 2d at 1033-38 (denying motion t remand Presidio unlawful detainer action removed to federal court based on federal enclave doctrine); *Totah*, 2011 WL 1324471, *2 (denying motion to remand Presidio defamation lawsuit removed based on federal enclave doctrine).

10. No specific authorization of Congress or reservation of authority by California entitles Plaintiff to relief under either R.S.Mo. 484.020 (unauthorized practice of law) or R.S.Mo. 407.010 *et seq.* (Missouri Merchandising Practices Act) and both statutes were enacted by Missouri after California ceded the Presidio to the United States. Cal. Stat. 1897, p. 51; Mo. Laws 99; 1967 Mo. Laws 607.

11. That Pearl.com is located on the Presidio is a fact over which this Court may and should take judicial notice. *See Klausner*, 2010 WL 1038228 at *2-4 (N.D. Cal. Mar. 19, 2010) (court takes judicial notice of fact that defendant is located on the Presidio because it is a fact capable of accurate and ready determination).

12. Pearl.com operates a website that provides a platform for registered users to ask questions of independent professionals on a variety of subjects at a low cost. Affidavit of Jennifer Samreny at ¶ 4.

13. Plaintiff alleges that Pearl.com practiced law without authorization and violated the Missouri Merchandising Practices Act.

14. Pearl.com manages and operates its website from the Presidio. Affidavit of Jennifer Samreny at ¶ 5.

15. Pearl.com has no property, employees or agents in the State of Missouri. Affidavit of Jennifer Samreny at ¶ 6.

16. All banking activities for Pearl.com are overseen and managed from the Pearl.com office in the Presidio. Affidavit of Jennifer Samreny at ¶ 7.

17. Because the alleged unlawful acts asserted by Plaintiff occurred in the Presidio, this Court has jurisdiction over this action and removal is proper. *Swords to Plowshares*, 423 F. Supp. 2d at 1033-38; *Totah*, 2011 WL 1324471, *2; *Stuckstede*, 2009 WL 3754153 at *2 (E.D. Mo. 2009).

### Compliance With Removal Statute

18. This Notice of Removal is filed within thirty days of November 15, 2012, the date on which Pearl.com was first served with the Petition. Thus, it is timely filed.

19. Pearl.com will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of St. Louis County, Missouri, and provide written notice of the removal to all other counsel of record. A true and correct copy of the Notice to the St. Louis County Court Clerk is attached as **Exhibit 3**.

20. The United States District Court for the Eastern District of Missouri embraces the county and court in which Plaintiff filed her Petition. 28 U.S.C. § 100. Therefore, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a).

21. By filing the Notice of Removal, Pearl.com does not waive, and fully reserves, all defenses it may have, including but not limited to defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, failure to follow contractual dispute resolution procedures, and failure to state a claim upon which relief may be granted.

22. Pursuant to Fed. R. Civ. P. 81(c), Pearl.com will file its responsive pleading and present its other defenses or objections available under the Federal Rules within seven (7) days after the filing of this Notice of Removal, or it will seek an extension of time to file such pleadings.

WHEREFORE, Pearl.com respectfully requests that the action now pending in the Circuit Court of St. Louis County, Missouri, be removed to this Court and that this Court accept this Notice Of Removal for filing in accordance with the provisions of 28 U.S.C. § 1441(a) *et seq*.

Respectfully submitted,


By    /s/ Jill M. Johnson
    Christopher M. Hohn, #MO44124
    chohn@thompsoncoburn.com
    Jill M. Johnson, #MO58793
    jjohnson@thompsoncoburn.com
    Thompson Coburn LLP
    One US Bank Plaza
    St. Louis, Missouri  63101
    314-552-6000
    Fax: 314-552-7000

*Attorneys for Defendant Pearl.com LLC*

### **CERTIFICATE OF SERVICE**

      I certify that on this 14th day of December, 2012, a copy of the foregoing was sent via first class U.S. mail, postage prepaid, to the following counsel of record:

David T. Butsch
Christopher E. Roberts
231 South Bemiston Avenue, Suite 260
Clayton, MO 63105
Phone: 314-863-5700
Fax: 314-863-5711
butsch@butschfields.com
roberts@butschfields.com

*Attorneys for Plaintiff*

                                                  /s/ Jill M. Johnson